33 C.C.P.A. (Patents)

Application of GESSLER et al.

Patent Appeal No. 5114.

Court of Customs and Patent Appeals.

March 6, 1946.

Byerly, Watson & Simonds, of New York City (Richard L. Underwood, of Washington, D. C., of counsel), for appellants.

W. W. Cochran, of Washington, D. C., (R. F. Whitehead, of Washington, D. C., of counsel), for the Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, JACKSON, and O'CONNELL, Associate Judges.

HATFIELD, Associate Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming the decision of the Primary Examiner rejecting all of the claims (Nos. 1, 2, 10, 11, and 12) in appellants' application for a patent for an alleged invention relating to improvements in decorative materials and a method of making such materials.

Claims 2 and 11 are illustrative of the appealed claims. They read:

"2. A method of reproducing the visual effect of a decorative material having a light-dispersing surface, which comprises the steps of roughening one surface of a thin sheet of transparent material to give it the light-reflecting characteristics of the surface of the original material, printing a color reproduction of the original material on the other surface of the sheet, and securing the printed surface of the sheet to a carrier."

"11. A reproduction of a decorative material, consisting of a fibrous carrier and a thin sheet of transparent material adherent to one surface of the carrier and having an inner smooth surface bearing a reproduction of the design and color of the original decorative material and an outer surface roughened to reproduce the surface characteristics of the original decorative material, the thinness of the sheet being of the order of magnitude of the resolving power of the eye so that the roughened outer surface of the sheet does not blur the design on the inner surface of the sheet."

The reference is: Winter, 1,474,698, November 20, 1923.

Appellants state in their application that by their method they produce inexpensive reproductions of decorative materials, such, for example, as floor coverings, upholstery, wall coverings, hangings, etc.; that they

accomplish their purpose by printing a colored reproduction of the original material on one side of a thin sheet of transparent material, such as cellulose acetate, and reproducing the surface characteristics of the original material on the other side of the sheet; that the surface characteristics of the material are reproduced by roughening the surface "to such extent as is necessary to give it the same dispersive effect in reflecting light as the surface of the original material"; and that "Such roughening has the effect of making the sheet translucent rather than transparent."

According to appellants' specification, the sheet of transparent material is mounted "on any convenient carrier, such as a piece of fabric, with its printed side against the carrier, so that its roughened side is exposed."

Appellants further state in their application that—"The success of the method depends upon making the thickness of the sheet between its printed surface and its roughened surface of the same order as the finest lines or dots of the design. *It is best to make the thickness of the order* of magnitude of the resolving power of the human eye, which is between 1/100 and 1/1000 of an inch. Under these circumstances, the roughening of the surface of one side of the sheet does not prevent the eye from clearly seeing the design through the sheet." (Italics not quoted.)

Appellants also state in their application, however, that, although the "decorative material may accurately reproduce the appearance of some known decorative material, it is not essential that it should do so," and that, in accordance with their invention,

"a decorative material accurately reproducing the appearance of old, grained, wood paneling having a satin-like surface is made as follows:

"A sheet or transparent material, such as cellulose acetate, *about 3/1000 of an inch in thickness* is roughened on one surface so as to give it the appearance of ground glass." (Italics ours.)

The patent to Winter relates to artistic pictures, and, according to the patentee, "comprises a light reflecting or mirror-like reflector used as a backing for a picture printed on celluloid foil."

As in appellants' method, the patentee's picture is printed on the polished side of transparent material, such as a celluloid film, which is mounted on a reflector sheet,

for example, a glass mirror, polished sheet metal, sheet silver, silver paper, mirror foil, or a metallic foil, such as tin foil, the exposed or opposite side of the foil is roughened or matted, as the patentee states, "in any manner."

The patentee further states that—"Such a combination produces pictures of a new and peculiar effect. The color tones are soft and diffused and the effect is very pleasing.

\* \* \* \* \* \*

"Very beautiful, soft nuances and shades are obtained with colored half-tone prints, the colors fully retaining their luminous power and transparency."

After stating that the reference disclosed a decorative article comprising a carrier, a celluloid film, a polished surface and a printed colored picture thereon, the printed side being in contact with the carrier or backing sheet and the outer surface being roughened or matted, and that the article disclosed in the reference was similar "in organization to the article produced by applicant," the Primary Examiner held that it was "patentably immaterial whether the roughened surface or the printed matter is a reproduction of an original decorative material," and that the claims here on appeal were of substantially the same scope and were substantially met by the disclosure in the Winter patent.

The Board of Appeals concurred in the views expressed by the Primary Examiner, stating that, although counsel for appellants argued that the patentee Winter was not attempting to reproduce the visual effect of any decorative material and does not disclose how it could be done, it was of opinion that it was "patentably immaterial what kind of design or picture applicant places on the smooth side of the transparent sheet. The cooperative action of the opposite matt surface is the same, and is taught by Winter. A patent can not be granted for each known kind of ornamentation one might wish to substitute for the printing," or picture in the patentee's disclosure.

In affirming the examiner's decision rejecting the claims on appeal, the board called attention to the fact that the celluloid film in the reference patent was a thin sheet of material.

It is conceded here by counsel for appellants that the sheet of celluloid film disclosed in the Winter patent is thin. Counsel argue, however, that the resem-

blance existing between the Winter disclosure and appellants' decorative material is purely accidental; that the patentee had no conception of "reproducing the visual appearance of a material by copying the two elements of the visual appearance separately and placing them within the resolving power of the eye," that is, on a sheet of transparent material having a thickness of from 1/100 to 1/1000 of an inch, as called for by appealed claim 11; that the teaching of the patent to Winter would produce a picture, the design of which would be blurred; that the patentee had for his purpose the softening of colors making them blend "instead of having clear lines of demarcation"; that because the patentee states that his combination produces pictures of a new and peculiar effect, and that the color tones are soft and diffused, his combination could not produce the exact appearance of appellants' decorative material; and that the patentee does not disclose the "thinness of the sheet being of the order of magnitude of the resolving power of the eye so that the roughened outer surface of the sheet does not blur the design on the inner surface of the sheet," as called for by quoted claim 11.

As hereinbefore noted, appellants state in their application that it is "best to make the thickness of the order of magnitude of the resolving power of the human eye, which is between 1/100 and 1/1000 of an inch," and that, although the "new decorative material may accurately reproduce the appearance of some known decorative material, it is not essential that it should do so." Furthermore, appellants state in their application that in carrying out their method they use a sheet of transparent material *of about 3/1000 of an inch in thickness,* and that by the use of such transparent material they *reproduce the surface characteristics of the original material.* It is obvious, therefore, that in appellants' method they may use a transparent material ranging from 1/100 to 3/1000 of an inch in thickness. Accordingly, the use of a material ranging in thickness from 1/100 to 1/1000 of an inch, which, appellants state in their application, is in the order of magnitude of the resolving power of the human eye, is not critical. Furthermore, there is nothing in the patent to Winter, as we view it, which can properly be understood as indicating that the design of the picture is blurred or that the thinness of the celluloid film used by the patentee is not of the or-

der of that disclosed in appellants' application and claimed in claim 11.

We concur, therefore, in the views expressed by the tribunals of the Patent Office, that the claims on appeal are not patentable in view of the disclosure in the patent to Winter.

For the reasons stated, the decision of the Board of Appeals is affirmed.

Affirmed.